AO 88 Subpoena in a Civil Case

# United States District Court
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**LANDON PERRY**

vs.                                                  Civil Action No: 4:23-cv-04441

**HALLIBURTON ENERGY SERVICES, INC.**
**TO:** Custodian of Records for: **Elite Medical Wellness/ Dr. Patrick Hayes/ Dene Culton, LPC/ Iva Conde, PMHNP**
2808 Hodges Street, Lake Charles, LA 70601

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Any and all records as described on the attached Exhibit 'A'

| PLACE | DATE AND TIME |
|---|---|
| Attn: Dawn Butler, Go Depo Office, 100 E. Vermilion St., #160, Lafayette, LA 70501 | 08/16/2024 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant /s/ Rey Flores | 07/30/2024 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Rey Flores**
Ahmad Zavitsanos & Mensing, 1221 McKinney Street, Suite 2500, Houston, TX 77010  713 655-1101  800 856-8153

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Order No. 55118.002

**Exhibit 1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

# EXHIBIT A

"Plaintiff" refers to Landon Perry, plaintiff in the lawsuit styled *Landon Perry v. Halliburton Energy Services, Inc* – U.S. District Court for the Southern District of Texas Case No. 4:23-cv-04441

DOB: August 25, 1998

1. Your entire file relating to Plaintiff.

2. All medical records relating to Plaintiff.

3. All medical images (MRI, CT, x-ray, etc.) relating to Plaintiff. This request seeks the actual images, not simply the reports interpreting the images.

4. All medical billing records relating to Plaintiff.

5. All invoices relating to Plaintiff.

6. All documents showing amounts paid from any source for services and equipment provided to Plaintiff.

7. All compensation agreements relating to Plaintiff.

8. All letters of protection relating to Plaintiff.

9. All contracts or other agreements relating to Plaintiff.

10. All communications with Plaintiff.

11. All communications relating to, or concerning, Plaintiff.

12. All communications with any lawyer, or any staff member or agent therefor, relating to Plaintiff. This request includes, but is not limited to, communications with lawyers and representatives from the following law firms:

    Arnold & Itkin LLP
    6009 Memorial Drive
    Houston, Texas 77007

13. Documents, including, but not limited to, contracts, agreements, and invoices showing the rates charged to each of the following for the same medical services and equipment provided to Plaintiff (including all associated services such as physician's fee, hospital fee, anesthesia fee, etc.) during the years in which they were provided to Plaintiff:

    a. Private insurers;

    b. Public-payor entities (including Medicare and Medicaid);

    c. Uninsured patients; and,

    d. Patients with letters of protection or some other deferred compensation agreement.

14. Documents, including, but not limited to, contracts, agreements, and proofs of payment, showing the rates each of the following actually paid for the same medical services and equipment provided to Plaintiff (including all associated services such as physician's fee, hospital fee, anesthesia fee, etc.) during the years in which they were provided to Plaintiff:

    a. Private insurers;

    b. Public-payor entities (including Medicare and Medicaid);

    c. Uninsured patients; and,

    d. Patients with letters of protection or some other deferred compensation agreement.

15. Documents indicating the costs you incurred and amounts you paid for the medical services, devices, supplies, and equipment you provided to Plaintiff.

16. All proofs of payment relating to Plaintiff.

17. All fee schedules and agreements with private insurers setting forth amounts to be paid to you for services and equipment provided to patients that were in effect on the dates on which you provided services or equipment to Plaintiff.

18. All medical funding agreements relating to or concerning Plaintiff.

19. All medical factoring agreements relating to or concerning Plaintiff.

20. All financing agreements relating to or concerning Plaintiff.

21. All documents reflecting the identify of any party that has agreed to pay Plaintiff's medical costs.

22. All documents reflecting the referral of Plaintiff to you.