**Exhibit**

**13**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **LANDON PERRY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-CV-04441** |
| | § | |
| **HALLIBURTON ENERGY SERVICES,** | § | |
| **INC.,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

---

### NOTICE OF DEPOSITION OF CORPORATE REPRESENTATIVE OF
### ELITE MEDICAL WELLNESS, LLC

---

TO:    Elite Medical Wellness, 2802 Hodges Street, Lake Charles, Louisiana, 70601

TO:    Plaintiff, Landon Perry, by and through his attorneys of record, Kurt B. Arnold, J. Kyle
        Findley, John G. Grinnan, and Brian M. Christensen Arnold & Itkin LLP, 6009 Memorial
        Drive, Houston, Texas 77007.

        PLEASE TAKE NOTICE that Defendant Halliburton Energy Services, Inc. by and through

its attorneys of record, will take the oral deposition of the Corporate Representative of Elite

Medical Wellness, LLC, to provide testimony in this matter on the topics set forth in the attached

Exhibit A on Friday, January 31, 2025, beginning at 10:00 a.m., at the offices of Southern Prime

Reporting, 2927 Hodges Street, Suite G, Lake Charles, Louisiana 70601. The deponent shall

remain in attendance from day to day until such deposition is completed, unless otherwise agreed.

        The deposition will be taken before a Notary Public or some other officer authorized by

law to administer oaths for use at the trial therein. The deposition will be videotaped and

stenographically recorded.

Dated: January 27, 2025                Respectfully submitted,

                                       **AHMAD, ZAVITSANOS & MENSING, PLLC**

                                       /s/ Rey Flores
                                       Joseph Y. Ahmad
                                       Attorney-in-Charge
                                       Texas State Bar No. 00941100
                                       Federal I.D. No. 11604
                                       joeahmad@azalaw.com
                                       Rey Flores
                                       Texas State Bar No. 24068777
                                       Federal I.D. No. 3351160
                                       rflores@azalaw.com
                                       Sammy Ford
                                       Texas State Bar No. 24061331
                                       Federal I.D. No. 950682
                                       sford@azalaw.com
                                       1221 McKinney, Suite 2500
                                       Houston, Texas 77010
                                       Telephone: 713-665-1101
                                       Facsimile: 713-655-0062

                                       ***ATTORNEYS FOR DEFENDANT***
                                       ***HALLIBURTON ENERGY SERVICES, INC.***

## CERTIFICATE OF SERVICE

I certify that on January 27, 2025, a true and correct copy of the above and foregoing was served via email on all counsel of record.

                                        /s/ Rey Flores
                                       Rey Flores

# EXHIBIT A

"Plaintiff" refers to Landon Perry, plaintiff in the lawsuit styled *Landon Perry v. Halliburton Energy Services, Inc.*, in the United States District Court for the Southern District of Texas, Houston Division, Case No. 4:23-cv-04441.

DOB: August 25, 1998

"Communications," whether capitalized or not, includes, but is not limited to, emails, faxes, correspondence, text messages, and voicemails.

1. The terms of the Lien and Receivables Purchase and Assignment Agreement between Access Healthcare Management, LLC, and Elite Medical Wellness, LLC/Dr. Patrick Hayes, dated September 27, 2018, and any exhibits, enclosures, and amendments thereto.

2. The terms of any other agreements or understandings that relate to the Plaintiff in any way, whether written or oral, between Elite Medical Wellness, LLC and any other person or entity. This includes, but is not limited to, agreements and understandings with Access Healthcare Management, LLC and/or Arnold & Itkin, LLP.

3. The terms of any medical funding, factoring, and/or financing agreements, whether written or oral, relevant to Plaintiff's medical treatment or payment therefor.

4. The amount charged by Elite Medical Wellness, LLC, for medical services rendered to Plaintiff.

5. The amount paid to Elite Medical Wellness, LLC, for medical services rendered to Plaintiff.

6. The name, address, and phone number of any person or entity who has made, or has agreed to make, payments to Elite Medical Wellness, LLC, for, or on behalf of, Plaintiff.

7. The number of patients treated by a provider at Elite Medical Wellness, LLC, who were represented by the law firm of Arnold & Itkin, LLP, at the time of said treatment between April 22, 2020 and the present date.

8. The total amount of payments received by Elite Medical Wellness, LLC, between April 22, 2020 and the present date, for medical services rendered to patients who were represented by the law firm of Arnold & Itkin, LLP.

9. The name, address, and phone number of the payors who made any payments for, or on behalf of, any patient who was being represented by the law firm of Arnold & Itkin, LLP, between April 22, 2020 and the present date.

10. The historical amounts accepted by Elite Medical Wellness, LLC for services rendered to patients represented by the law firm of Arnold & Itkin, LLP.

11. The number of patients referred as follows between April 22, 2020, and the present date:

      a.   To Elite Medical Wellness, LLC, by Access Healthcare Management, LLC, or any staff member, agent, or representative thereof.

      b.   To Patrick Hayes, M.D. by Access Healthcare Management, LLC, or any staff member, agent, or representative thereof.

      c.   To Elite Medical Wellness, LLC, by Arnold & Itkin, LLP, or any attorney, staff member, agent, or representative thereof.

12. The total amounts paid as follows between April 22, 2020, and the present date:

      a.   To Elite Medical Wellness, LLC, by Access Healthcare Management, LLC, or on its behalf.

      b.   To Patrick Hayes, M.D, by Access Healthcare Management, LLC, or on its behalf.

13. Communications that relate to Plaintiff in any way between Elite Medical Wellness, LLC on the one hand and Access Healthcare Management, LLC and/or Arnold & Itkin, LLP, or anyone acting on these entities' behalf, on the other.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Landon Perry | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   4:23-CV-04441 |
| HALLIBURTON ENERGY SERVICES, INC., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                 Elite Medical Wellness, LLC

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:      See attached Exhibit 'A'

| Place: Southern Prime Reporting,<br>2927 Hodges Street, Suite G<br>Lake Charles, LA 70601 | Date and Time:<br><br>01/31/2025 10:00 am |
|---|---|

The deposition will be recorded by this method:  videotaped and stenographically recorded.

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/27/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Rey Flores |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
HALLIBURTON ENERGY SERVICES, INC.,                    , who issues or requests this subpoena, are:
Rey Flores 1221 McKinney Street Suite 2500, Houston, Texas 77010 rflores@azalaw.com (713) 600-4978

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. _4:23-CV-04441_

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

"Plaintiff" refers to Landon Perry, plaintiff in the lawsuit styled *Landon Perry v. Halliburton Energy Services, Inc.*, in the United States District Court for the Southern District of Texas, Houston Division, Case No. 4:23-cv-04441.

DOB: August 25, 1998

"Communications," whether capitalized or not, includes, but is not limited to, emails, faxes, correspondence, text messages, and voicemails.

1. The terms of the Lien and Receivables Purchase and Assignment Agreement between Access Healthcare Management, LLC, and Elite Medical Wellness, LLC/Dr. Patrick Hayes, dated September 27, 2018, and any exhibits, enclosures, and amendments thereto.

2. The terms of any other agreements or understandings that relate to the Plaintiff in any way, whether written or oral, between Elite Medical Wellness, LLC and any other person or entity.  This includes, but is not limited to, agreements and understandings with Access Healthcare Management, LLC and/or Arnold & Itkin, LLP.

3. The terms of any medical funding, factoring, and/or financing agreements, whether written or oral, relevant to Plaintiff's medical treatment or payment therefor.

4. The amount charged by Elite Medical Wellness, LLC, for medical services rendered to Plaintiff.

5. The amount paid to Elite Medical Wellness, LLC, for medical services rendered to Plaintiff.

6. The name, address, and phone number of any person or entity who has made, or has agreed to make, payments to Elite Medical Wellness, LLC, for, or on behalf of, Plaintiff.

7. The number of patients treated by a provider at Elite Medical Wellness, LLC, who were represented by the law firm of Arnold & Itkin, LLP, at the time of said treatment between April 22, 2020 and the present date.

8. The total amount of payments received by Elite Medical Wellness, LLC, between April 22, 2020 and the present date, for medical services rendered to patients who were represented by the law firm of Arnold & Itkin, LLP.

9. The name, address, and phone number of the payors who made any payments for, or on behalf of, any patient who was being represented by the law firm of Arnold & Itkin, LLP, between April 22, 2020 and the present date.

10. The historical amounts accepted by Elite Medical Wellness, LLC for services rendered to patients represented by the law firm of Arnold & Itkin, LLP.

11. The number of patients referred as follows between April 22, 2020, and the present date:

      a.   To Elite Medical Wellness, LLC, by Access Healthcare Management, LLC, or any staff member, agent, or representative thereof.

      b.   To Patrick Hayes, M.D. by Access Healthcare Management, LLC, or any staff member, agent, or representative thereof.

      c.   To Elite Medical Wellness, LLC, by Arnold & Itkin, LLP, or any attorney, staff member, agent, or representative thereof.

12. The total amounts paid as follows between April 22, 2020, and the present date:

      a.   To Elite Medical Wellness, LLC, by Access Healthcare Management, LLC, or on its behalf.

      b.   To Patrick Hayes, M.D, by Access Healthcare Management, LLC, or on its behalf.

13. Communications that relate to Plaintiff in any way between Elite Medical Wellness, LLC on the one hand and Access Healthcare Management, LLC and/or Arnold & Itkin, LLP, or anyone acting on these entities' behalf, on the other.